**HENG WANG & ASSOCIATES, P.C.**
Heng Wang, Esq. (HW 0786)
305 Broadway, 7th Floor
New York, NY 10007
Tel:   (212) 203-5231
Fax:   (212) 203-5237
all@wanggaolaw.com

*Attorney for Plaintiff, FLSA Collective Plaintiffs
And the Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QUN TIAN, on behalf of himself and all others similarly situated, | **CIVIL ACTION** |
| Plaintiff, | **Case No.:** |
| v. | **COLLECTIVE ACTION & CLASS ACTION** |
| TOP FOOD TRADING INC, JOHN DOE 1 a/k/a A DE, JANE DOE 1 a/k/a A QIAO, JOHN DOE 2-5, JANE DOE 2-5, COMPANY ABC 1-5 | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff QUN TIAN on behalf of himself and all others similarly situated, by and through his undersigned counsel, by way of Complaint against Defendants TOP FOOD TRADING INC, JOHN DOE 1 a/k/a A DE, JANE DOE 1 a/k/a A QIAO, JOHN DOE 2-5, JANE DOE 2-5, COMPANY ABC 1-5 (collectively, "Defendants"), state as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331 and 1337.

- 1 -

2. This Court has supplemental jurisdiction over plaintiff's New York Labor Law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## NATURE OF THE ACTION

4. This action is brought to recover unpaid wages owed to Plaintiff and all other similarly situated current and former employees of Defendants.

5. Plaintiff allege on behalf of are himself and on behalf of others similarly situated current and former employees of defendants that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., ("FLSA"), and the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provision of the FLSA by Defendants, that have deprived Plaintiff and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et. seq.; (iii) pre-judgment interest; (iv) attorneys' fees and costs; and (v) appropriate injunctive relief.

6. Plaintiff also bring this action on behalf of himself and a class of similarly situated current and former employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the wage-and-hour provision of the New York Labor Laws ("NYLL") by Defendants, that have deprived Plaintiffs and other similarly situated of their lawful (i) minimum wage, (ii) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (iii) spread of hours claim pursuant to the NYLL; (iv) liquidated damages pursuant to the NYLL; (v) compensation for

- 2 -

Defendants' violations of the Wage Theft Prevention Act ("WTPA"); (vi) frequency of pay claim pursuant to the NYLL; (vii) pre-judgment interest; (viii) attorneys' fees and costs; and (ix) appropriate injunctive relief.

## THE PARTIES

7. Plaintiff is an individual residing in the State of New York.

8. Defendants Top Food Trading Inc. is a corporation formed in the State of New York, with a principal place of business at 72-2 51st Ave, Woodside, NY 11377.

9. At all material times, Defendants operated a wholesale business ("Defendant Business") in Queens, NY.

10. Defendant John Doe 1 a/k/a A De is an individual residing in the State of New York.

11. Defendant John Doe 1 is a manager of Top Food Trading Inc.

12. Defendant John Doe 1 is a shareholder of Top Food Trading Inc.

13. Defendant Jane Doe 1 a/k/a A Qiao is an individual residing in the State of New York.

14. Defendant Jane Doe 1 is a manager of Top Food Trading Inc.

15. Defendant Jane Doe 1 is a shareholder of Top Food Trading Inc.

16. John Doe 2-5 and Jane Doe 2-5 are owners, officers, managers, and/or individuals associated, affiliated and/or conspired with Defendants.

17. Company ABC 1-5 are business entities associated, affiliated, and/or conspired with Defendants.

18. All individual defendants have been involved in the management of the defendant business.

19. They each supervised the workers, including Plaintiff, in general during their employment.

20. They were responsible for, among other things, hiring and firing, overlooking employees' work schedules, compensation, and defendants' pay and recordkeeping practices.

21. More specifically, John Doe 1 and Jane Doe 1 oversaw the overall operation of the Defendant Business, including without limitation Defendant Business's time keeping practices, payroll practices, employee compensation approval, making decision on employment related issues such as hiring, firing, and employee discipline, and maintaining employment records.

22. John Doe 1 and Jane Doe 1 managed Defendant Business' daily operation, supervised the workers, including Plaintiff, assigned tasks to Plaintiff, provided instructions Plaintiff with respect to safety related issues, and maintained employment records.

## PLAINTIFFS' FACTUAL ALLEGATIONS

23. Plaintiff Qun Tian ("Tian") was employed by Defendants, as a driver, from about June 1, 2016 to about November 30, 2019.

24. From the beginning of his employment to approximately end of 2017, Tian worked 6 days per week, and at least 80 hours per week.

25. From approximately end of 2017 to the end of his employment, Tian worked 6 days per week, and at least 70 hours per week.

26. Tian's starting salary was $850/week. By the end of 2017, his salary was increased to $900/week.

27. During the period between 2017 and the end of his employment, Tian was paid on a bi-weekly basis.

28. During the plaintiff's employment, he was generally not given any meal time.

29. Plaintiff only seeks damages under the labor laws, to the extend his employment period is covered by the applicable statutes of limitations under the FLSA and the NYLL.

30. At all relevant times herein, plaintiff was an employee engaged in commerce and/or in the transfer of goods for commerce, as defined in the FLSA and its implementing regulations.

- 4 -

31. At all relevant times herein, the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations required defendants to pay plaintiff overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours per week.

32. Defendants willfully failed to pay plaintiff overtime pay for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

33. At all relevant times herein, the FLSA and the NYLL required Defendants to pay wages no less than the minimum wage to, but Defendants failed to pay the minimum wage under the NYLL.

34. Defendants also failed to follow the frequency of pay requirements pursuant to New York Labor Law §§191 and 198.

35. In addition, defendants refused to provide plaintiff written notice of their regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

36. Defendants failed to provide plaintiff with accurate paystubs and W-2s as required by state and federal law.

37. As a result of these violations of federal and state law, plaintiff is entitled to (1) minimum wage; (2) unpaid overtime wages for overtime hours for which they were paid less than one and a half times their regular rate; (3) liquidated damages, and all other remedies prescribed by statute; (4) injunctive relief to enjoin defendants from violations of federal and state law; (5) interest, (6) attorneys' fees and costs as provided by statute or otherwise; (5) and all other legal and equitable remedies this Court deems appropriate.

38. By the conduct described in this Complaint, Defendants have willfully committed widespread violations of the Fair Labor Standards Act and the New York Labor Law by failing to pay its employee, including Plaintiff, proper overtime as required by law.

## CLASS AND COLLECTIVE ALLEGATIONS

39. Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who work or have worked for the defendants who elect to opt in to this action (the "FLSA Collective").

40. The defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

41. Plaintiff also brings this action on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedures.

42. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

43. The claims of Plaintiff are typical of the claims of the Rule 23 Class.

44. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

45. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    (a) Whether Defendants have maintained proper time records and payroll records as required by the federal and state labor laws.

    (b) Whether Defendants have failed to pay minimum wage to Plaintiffs and the Rule 23 Class.

    (c) Whether Defendants have failed to compensate Plaintiffs and the Rule 23 Class for work performed in excess of 40 hours per workweek with proper wages as required by law;

    (d) Whether Defendants have failed to make spread of hours payments pursuant to the NYLL;

    (e) Whether Defendants have violated the statement and notice requirements under the WTPA;

    (f) Whether Defendants have failed to follow the frequency of pay requirements pursuant to the NYLL §§191 and 198;

    (g) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; and

46. The claims of Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants in its wholesale business and have not been paid proper wages for the hours that they have worked. Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

- 7 -

47. Plaintiff has retained counsel competent and experienced in labor and employment litigation.

48. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment against Defendants' practices.

49. It has been Defendants' persistent policy, pattern and practice to fail to pay its drivers and helpers proper wages as required by law.

50. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law. This pattern and practice include but is not limited to:

    (a) Willfully failing to keep accurate employment records as required by the FLSA and the NYLL;

    (b) Willfully failing to pay its employees, including Plaintiffs and the Class Members, minimum wage under the NYLL;

    (c) Willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week;

    (d) Willfully failed to make spread of hours payments pursuant to the NYLL;

    (e)  Willfully failed to follow the frequency of pay requirements pursuant to the NYLL §§191 and 198;

    (f)  Willfully failing to meet the requirements under the WTPA.

51. Defendants' unlawful conduct has been widespread, repeated and consistent.

## COUNT I
### Overtime Wages Under the Fair Labor Standards Act
### (Brought on Behalf of Plaintiffs and the FLSA Collective)

52. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

53. The defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

54. Plaintiff has consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

55. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiffs were entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of plaintiff.

58. By reason of defendants' FLSA violations, plaintiff and the FLSA Collective are entitled to recover from defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including

post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

## COUNT II
### Overtime Wage Under New York Labor Law
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

59. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

60. At all relevant times, defendants employed plaintiff and the Rule 23 Class member within the meaning of the New York Labor Law §§ 2 and 651.

61. Defendants willfully violated plaintiff and the Rule 23 Class members' rights by failing to pay them overtime wages for hours worked in excess of forty hours per week.

62. Defendants' failure to pay overtime was willful within the meaning of New York labor Law § 663 and supporting regulations.

63. By reason of defendants' violations of New York Labor Law, plaintiff and the Rule 23 Class member are entitled to recover from defendants their unpaid overtime wages and an amount equal to one quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York labor Law 198, all in an amount to be determined at trial.

## COUNT III
### Minimum Wage Under New York Labor Law
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

64. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

65. The NYLL requires Defendants, who were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§2 and 651, to pay at least the minimum wage to the employees.

66. Defendants paid Plaintiff and all Rule 23 class members less than the minimum wage, in violation of NY Lab. Law §652(1).

67. Defendants' failure to pay minimum wage was willful within the meaning of N.Y. Lab. Law §663.

### COUNT IV
**Spread of Hours Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

68. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

69. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of 10 hours pursuant to the NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

70. The defendants violated the aforementioned legal requirement.

### COUNT V
**Wage Theft Prevention Act Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

71. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

72. At all relevant times, defendants employed plaintiff within the meaning of the New York Labor Law §§ 2 and 651.

73. Defendants willfully violated plaintiff and the Rule 23 Class members' rights by failing to provide each of them with the proper notices of wage rates as required by the Wage Theft Prevention Act.

74. Defendants willfully violated plaintiff and the Rule 23 Class members' rights by failing to provide each of them with proper wage statements as required by the Wage Theft Prevention Act.

75. Due to defendants' New York Labor Law violations, plaintiff and the Rule 23 Class members are entitled to recover statutory damages pursuant to the WTPA.

### COUNT VI
### Frequency of Pay Under New York Labor Law
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

76. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

77. At all relevant times, defendants employed plaintiff within the meaning of the New York Labor Law §§ 2 and 651.

78. Defendants willfully violated plaintiff and the Rule 23 Class members' rights by failing to follow the frequency of pay requirements pursuant to New York Labor Law §§191 and 198.

79. Due to defendants' New York Labor Law violations, plaintiff and the Rule 23 Class members are entitled to recover liquidated damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. Certification of this case as a collective action pursuant to the FLSA;

B. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Designation of Representative Plaintiff as representatives of the Rule 23 Class, and counsel of records as Class Counsel;

D. Issuance of a declaratory judgment that the practice complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

E. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

F. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to N.Y. Lab. Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

G. Pre-judgment interest;

H. Post-judgment interest;

I. An injunction requiring Defendants to pay all statutory-required wages and comply with all other legal requirements as detailed in this Complaint, pursuant to the FLSA and NYLL;

J. Attorneys' fees and costs of the action; and

K. Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       January 20, 2022

/s/ Heng Wang
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:    (212) 513-1183
Fax:   (646) 572-8998
heng.wang@wanggaolaw.com
*Attorneys for Plaintiff, proposed FLSA Collective and potential Rule 23 Class*