**HENG WANG & ASSOCIATES, P.C.**
Heng Wang, Esq. (HW 0786)
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 203-5231
Fax: (212) 203-5237
all@wanggaolaw.com

*Attorney for Plaintiffs, FLSA Collective Plaintiffs And the Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QUN TIAN, CHUNYAN DONG, KAI LU, HERRERA GRANO JAIRO, on behalf of themselves and all others similarly situated, ZHENHUA LIN, JIA XIN GAO, WEI MIN CHEN, LI SHENG XIE, ZHI MIN XIE, MIN YANG, GUANG YU LIN, ANDY XU, QICHEN LI, MING YUAN WANG, ZHIMIN ZHAN, ZHONG QIANG CHEN, JIAXIN CHEN, JIANSHU LIN, LUIS E. VILLANUEVA, VAZQUEZ GARCIA JUAN CARLOS, MENDEZ VAZQUEZ GUSTAVO, XIAOYUN YANG, GUANG SONG WU, JESUS LAZERO FLORES<br><br>Plaintiffs,<br><br>v.<br><br>TOP FOOD TRADING INC, JOHN DOE 1 a/k/a A DE, JANE DOE 1 a/k/a A QIAO, JOHN DOE 2-5, JANE DOE 2-5, COMPANY ABC 1-5<br><br>Defendants. | **CIVIL ACTION**<br><br>**Case No.: 1:22-cv-00345-EK-VMS**<br><br>**COLLECTIVE ACTION & CLASS ACTION**<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs QUN TIAN, CHUNYAN DONG, KAI LU, HERRERA GRANO JAIRO (collectively, Class Representatives"), on behalf of themselves and all others similarly situated, ZHENHUA LIN, JIA XIN GAO, WEI MIN CHEN, LI SHENG XIE, ZHI MIN XIE, MIN YANG, GUANG YU LIN,

ANDY XU, QICHEN LI, MING YUAN WANG, ZHIMIN ZHAN, ZHONG QIANG CHEN, JIAXIN CHEN, JIANSHU LIN, LUIS E. VILLANUEVA, VAZQUEZ GARCIA JUAN CARLOS, MENDEZ VAZQUEZ GUSTAVO, XIAOYUN YANG, GUANG SONG WU, JESUS LAZERO FLORES (collectively, "Plaintiffs") by and through their undersigned counsel, by way of Complaint against Defendants TOP FOOD TRADING INC, JOHN DOE 1 a/k/a A DE, JANE DOE 1 a/k/a A QIAO, JOHN DOE 2-5, JANE DOE 2-5, COMPANY ABC 1-5 (collectively, "Defendants"), state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331 and 1337.
2. This Court has supplemental jurisdiction over Plaintiffs' New York Labor Law claims pursuant to 28 U.S.C. §1367.
3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## NATURE OF THE ACTION

4. This action is brought to recover unpaid wages owed to Plaintiffs and all other similarly situated current and former employees of Defendants.
5. Plaintiffs allege on behalf of are himself and on behalf of others similarly situated current and former employees of defendants that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., ("FLSA"), and the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provision of the FLSA by Defendants, that have deprived Plaintiffs and other similarly situated of their lawful (i) wages from Defendants for overtime work for which they did not receive overtime premium pay as

required by law; (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et. seq.; (iii) pre-judgment interest; (iv) attorneys' fees and costs; and (v) appropriate injunctive relief.

6. Plaintiffs also bring this action on behalf of himself and a class of similarly situated current and former employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the wage-and-hour provision of the New York Labor Laws ("NYLL") by Defendants, that have deprived Plaintiffs and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) liquidated damages pursuant to the NYLL; (iii) compensation for Defendants' violations of the Wage Theft Prevention Act ("WTPA"); (iv) frequency of pay claim pursuant to the NYLL; (v) pre-judgment interest; (vi) attorneys' fees and costs; and (vii) appropriate injunctive relief.

## THE PARTIES

7. Plaintiffs are individuals residing in the State of New York.

8. Defendants Top Food Trading Inc. is a corporation formed in the State of New York, with a principal place of business at 72-2 51st Ave, Woodside, NY 11377.

9. At all material times, Defendants operated a wholesale business ("Defendant Business") in Queens, NY.

10. Defendant John Doe 1 a/k/a A De is an individual residing in the State of New York.

11. Defendant John Doe 1 is a manager of Top Food Trading Inc.

12. Defendant John Doe 1 is a shareholder of Top Food Trading Inc.

13. Defendant Jane Doe 1 a/k/a A Qiao is an individual residing in the State of New York.

14. Defendant Jane Doe 1 is a manager of Top Food Trading Inc.

15. Defendant Jane Doe 1 is a shareholder of Top Food Trading Inc.

16. John Doe 2-5 and Jane Doe 2-5 are owners, officers, managers, and/or individuals associated, affiliated and/or conspired with Defendants.

17. Company ABC 1-5 are business entities associated, affiliated, and/or conspired with Defendants.

18. All individual Defendants have been involved in the management of the defendant business.

19. They each supervised the workers, including Plaintiffs, in general during their employment.

20. They were responsible for, among other things, hiring and firing, overlooking employees' work schedules, compensation, and Defendants' pay and recordkeeping practices.

21. More specifically, John Doe 1 and Jane Doe 1 oversaw the overall operation of the Defendant Business, including without limitation Defendant Business's time keeping practices, payroll practices, employee compensation approval, making decision on employment related issues such as hiring, firing, and employee discipline, and maintaining employment records.

22. John Doe 1 and Jane Doe 1 managed Defendant Business' daily operation, supervised the workers, including Plaintiffs, assigned tasks to Plaintiffs, provided instructions Plaintiffs with respect to safety related issues, and maintained employment records.

## PLAINTIFFS' FACTUAL ALLEGATIONS

23. Plaintiff Qun Tian ("Tian") was employed by Defendants, as a driver, from June 1, 2016 to November 30, 2019.

24. From June 1, 2016 to November 30, 2017 (Period 1), Tian worked 6 days per week, and at least 80 hours per week. From December 1, 2017 to November 30, 2019 (Period 2), Tian worked 6 days per week, and at least 70 hours per week.

25. Tian's weekly salary was gradually increased from $850 to $900, and he was paid on a bi-weekly basis.

26. Plaintiff Chunyan Dong ("Dong") is employed by Defendants, as a driver, from September 1, 2018 to present.

27. During his employment, Dong works 6 days per week, and at least 60 hours per week.

28. Dong's weekly salary was gradually increased from $725 to $950, and he was paid on a bi-weekly basis.

29. Plaintiff Zhenhua Lin ("Zhenhua") is employed by Defendants, as a driver, from September 13, 2019 to present.

30. From September 13, 2019 to March 18, 2020 (Period 1), Zhenhua worked 6 days per week, and at least 60 hours per week. From May 1, 2020 to present (Period 2), Zhenhua worked 6 days per week, and at least 70 hours per week.

31. Zhenhua's weekly salary was gradually increased from $900 to $960, and he was paid on a bi-weekly basis.

32. Plaintiff Jia Xin Gao ("Gao") is employed by Defendants, as a driver, from approximately 2013 to present.

33. From approximately 2013 to September 10, 2019 (Period 1), Gao worked 6 days per week, and at least 65 hours per week. From September 11, 2019 to present (Period 2), Gao worked 6 days per week, and at least 50 hours per week.

34. During the statutory period, Gao's weekly salary was gradually increased from $750 to $1,000, and he was paid on a bi-weekly basis.

35. Plaintiff Wei Min Chen ("Wei Min") is employed by Defendants, as a driver, from approximately 2010 to present.

36. During his employment, Wei Min worked 6 days per week, and at least 60 hours per week.

37. Wei Min's weekly salary was gradually increased from $700 to $990, and he was paid on a bi-weekly basis.

38. Plaintiff Li Sheng Xie ("Li Sheng") was employed by Defendants, as a driver, from April 1, 2017 to October 20, 2020.

39. During his employment, Li Sheng worked 6 days per week, and at least 60 hours per week.

40. During the statutory period, Li Sheng's weekly salary was gradually increased from $780 to $900, and he was paid on a bi-weekly basis.

41. Plaintiff Zhi Min Xie ("Zhi Min") is employed by Defendants, as a helper, from December 1, 2017 to present.

42. During his employment, Zhi Min works 6 days per week, and at least 60 hours per week.

43. Zhi Min's weekly salary was gradually increased from $600 to $800, and he was paid on a bi-weekly basis.

44. Plaintiff Min Yang ("Min") is employed by Defendants, as a driver, from July 1, 2017 to present.

45. From July 1, 2017 to March 18, 2020 (Period 1), Min worked 6 days per week, and at least 65 hours per week. From October 1, 2020 to present (Period 2), Min worked 6 days per week, and at least 50 hours per week.

46. Min's weekly salary was gradually increased from $900 to $990, and he was paid on a bi-weekly basis.

47. Plaintiff Guang Yu Lin ("Guang Yu") is employed by Defendants, as a helper, from September 30, 2018 to April 19, 2021, and as a driver, from April 20, 2021 to present.

48. During his employment, Guang Yu works 6 days per week, and at least 55 hours per week.

49. Guang Yu's weekly salary was gradually increased from $700 to $960, and he was paid on a bi-weekly basis.

50. Plaintiff Andy Xu ("Xu") is employed by Defendants, as a driver, from October 15, 2017 to present.

51. During his employment, Xu works 6 days per week, and at least 65 hours per week.

52. Xu's weekly salary was gradually increased from $700 to $900, and he was paid on a bi-weekly basis.

53. Plaintiff Kai Lu ("Lu") is employed by Defendants, as a helper, from approximately July 2012 to present.

54. From approximately July 2012 to March 18, 2020 (Period 1), Lu worked 6 days per week, and at least 55 hours per week. From June 1, 2020 to present (Period 2), Lu worked 6 days per week, and at least 70 hours per week.

55. Lu's weekly salary was gradually increased from $400 to $750, and he was paid on a bi-weekly basis.

56. Plaintiff Qichen Li ("Li") is employed by Defendants, as a helper, from approximately 2013 to May 15, 2016, and as a driver, from May 16, 2016 to present.

57. During his employment, Li works 6 days per week, and at least 55 hours per week.

58. Li's weekly salary was gradually increased from $700 to $1,020, and he was paid on a bi-weekly basis.

59. Plaintiff Ming Yuan Wang ("Wang") is employed by Defendants, as a driver, from June 1, 2016 to present.

60. During his employment, Wang works 6 days per week, and at least 65 hours per week.

61. Wang's weekly salary was gradually increased from $680 to $990, and he was paid on a bi-weekly basis.

62. Plaintiff Zhimin Zhan ("Zhan") is employed by Defendants, as a helper, from November 1, 2018 to present.

63. During his employment, Zhan works 6 days per week, and at least 50 hours per week.

64. Zhan's weekly salary was gradually increased from $700 to $825, and he was paid on a bi-weekly basis.

65. Plaintiff Zhong Qiang Chen ("Zhong Qiang") was employed by Defendants, as a driver, from April 4, 2019 to August 31, 2021.

66. During his employment, Zhong Qiang worked 6 days per week, and at least 55 hours per week.

67. During his employment, Zhong Qiang's weekly salary was $900, and he was paid on a bi-weekly basis.

68. Plaintiff Jianxin Chen ("Jianxin") is employed by Defendants, as a driver, from approximately 2012 to present.

69. During his employment, Jianxin works 6 days per week, and at least 50 hours per week.

70. Jianxin's weekly salary was gradually increased from $750 to $990, and he was paid on a bi-weekly basis.

71. Plaintiff Jianshu Lin ("Jianshu") was employed by Defendants, as a helper, from November 24, 2018 to October 25, 2020, and as a driver and helper, from October 26, 2020 to present.

72. During his employment, Jianshu worked 6 days per week, and at least 65 hours per week.

73. Jianshu's weekly salary was gradually increased from $700 to $900, and he was paid on a bi-weekly basis.

74. Plaintiff Herrera Grano Jairo ("Jairo") is employed by Defendants, as a helper, from approximately 2012 to present.

75. During his employment, Jairo works 6 days per week, and at least 65 hours per week.

76. Jairo's weekly salary was gradually increased from $520 to $800, and he was paid on a weekly basis.

77. Plaintiff Luis E. Villanueva ("Villanueva") is employed by Defendants, as a helper, from approximately 2014 to present.

78. During his employment, Villanueva works 6 days per week, and at least 65 hours per week.

79. Villanueva's weekly salary was gradually increased from $500 to $820, and he was paid on a weekly basis.

80. Plaintiff Vazquez Garcia Juan Carlos ("Carlos") is employed by Defendants, as a helper, from January 1, 2016 to present.

81. During his employment, Carlos works 6 days per week, and at least 65 hours per week.

82. Carlos's weekly salary was gradually increased from $520 to $750, and he was paid on a weekly basis.

83. Plaintiff Mendez Vazquez Gustavo ("Gustavo") was employed by Defendants, as a helper, from February 1, 2018 to January 31, 2022.

84. During his employment, Gustavo worked 6 days per week, and at least 70 hours per week.

85. Gustavo's weekly salary was gradually increased from $630 to $700, and he was paid on a weekly basis.

86. Plaintiff Xiaoyun Yang ("Xiaoyun") was employed by Defendants, as a helper, from January 1, 2017 to December 31, 2017, and as a driver, from January 1, 2018 to March 18, 2020.

87. During his employment, Xiaoyun worked 6 days per week, and at least 55 hours per week.

88. Xiaoyun's weekly salary was gradually increased from $600 to $900, and he was paid on a bi-weekly basis.

89. Plaintiff Guang Song Wu ("Wu") was employed by Defendants, as a driver, from approximately 2012 to May 31, 2020.

90. During his employment, Wu worked 6 days per week, and at least 65 hours per week.

91. Wu's weekly salary was gradually increased from $750 to $900, and he was paid on a bi-weekly basis.

92. Plaintiff Jesus Lazaro Flores ("Flores") was employed by Defendants, as a helper, from approximately 2012 to March 18, 2020.

93. During his employment, Flores worked 6 days per week, and at least 80 hours per week.

94. Flores's weekly salary was gradually increased from $680 to $720, and he was paid on a weekly basis.

95. During Plaintiffs' employment, they were generally not given any meal time.

96. During Plaintiffs' employment, they performed manual works for Defendants.

97. Plaintiffs only seek damages under the labor laws, to the extend his employment period is covered by the applicable statutes of limitations under the FLSA and the NYLL.

98. At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the transfer of goods for commerce, as defined in the FLSA and its implementing regulations.

99. At all relevant times herein, the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations required defendants to pay Plaintiffs overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours per week.

100. Defendants willfully failed to pay Plaintiffs overtime pay for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

101. Defendants also failed to follow the frequency of pay requirements pursuant to New York Labor Law §§ 191 and 198.

102. In addition, defendants refused to provide Plaintiffs written notice of their regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

103. Defendants failed to provide Plaintiffs with accurate paystubs and W-2s as required by state and federal law.

104. As a result of these violations of federal and state law, Plaintiffs are entitled to (1) unpaid overtime wages for overtime hours for which they were paid less than one and a half times their regular rate; (2) liquidated damages, and all other remedies prescribed by statute; (3) injunctive relief to enjoin Defendants from violations of federal and state law; (4) interest, (5) attorneys' fees and costs as provided by statute or otherwise; (6) and all other legal and equitable remedies this Court deems appropriate.

## <u>CLASS AND COLLECTIVE ALLEGATIONS</u>

105. Class Representatives bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for the Defendants who elect to opt in to this action (the "FLSA Collective").

106. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation

of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

107. Class Representatives also bring this action on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedures.

108. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

109. The claims of Class Representatives are typical of the claims of the Rule 23 Class.

110. Class Representatives will fairly and adequately protect the interests of the Rule 23 Class.

111. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a) Whether Defendants have maintained proper time records and payroll records as required by the federal and state labor laws.

(b) Whether Defendants have failed to compensate Plaintiffs and the Rule 23 Class for work performed in excess of 40 hours per workweek with proper wages as required by law;

(c) Whether Defendants have violated the statement and notice requirements under the WTPA;

(d) Whether Defendants have failed to follow the frequency of pay requirements pursuant to the NYLL §§ 191 and 198;

(e) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; and

112. The claims of Class Representatives are typical of the claims of the Rule 23 Class they seek to represent. Class Representatives and the Rule 23 Class work or have worked for Defendants in its wholesale business and have not been paid proper wages for the hours that they have worked. Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

113. Class Representatives have retained counsel competent and experienced in labor and employment litigation.

114. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment against Defendants' practices.

115. It has been Defendants' persistent policy, pattern and practice to fail to pay its drivers and helpers proper wages as required by law.

116. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law. This pattern and practice include but is not limited to:

(a) Willfully failing to keep accurate employment records as required by the FLSA and the NYLL;

(b) Willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week;

(c) Willfully failed to follow the frequency of pay requirements pursuant to the NYLL §§ 191 and 198;

(d) Willfully failing to meet the requirements under the WTPA.

117. Defendants' unlawful conduct has been widespread, repeated and consistent.

**<u>COUNT I</u>**
**Overtime Wages Under the Fair Labor Standards Act**
**(Brought on Behalf of Plaintiffs and the FLSA Collective)**

118. Plaintiffs reallege and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

119. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

120. Plaintiffs have consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

121. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours

per week to which Plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).

122. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

123. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

124. By reason of Defendants' FLSA violations, Plaintiffs and the FLSA Collective are entitled to recover from defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), all in an amount to be determined at trial.

**COUNT II**
**Overtime Wage Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

125. Plaintiffs reallege and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

126. At all relevant times, Defendants employed Plaintiffs and the Rule 23 Class member within the meaning of the New York Labor Law §§ 2 and 651.

127. Defendants willfully violated Plaintiffs and the Rule 23 Class members' rights by failing to pay them overtime wages for hours worked in excess of forty hours per week.

128. Defendants' failure to pay overtime was willful within the meaning of New York labor Law § 663 and supporting regulations.

129. By reason of Defendants' violations of New York Labor Law, Plaintiffs and the Rule 23 Class member are entitled to recover from Defendants their unpaid overtime wages and

an amount equal to one quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York labor Law § 198, all in an amount to be determined at trial.

**COUNT III**
**Wage Theft Prevention Act Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

130. Plaintiffs reallege and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

131. At all relevant times, Defendants employed Plaintiffs within the meaning of the New York Labor Law §§ 2 and 651.

132. Defendants willfully violated Plaintiffs and the Rule 23 Class members' rights by failing to provide each of them with the proper notices of wage rates as required by the Wage Theft Prevention Act.

133. Defendants willfully violated Plaintiffs and the Rule 23 Class members' rights by failing to provide each of them with proper wage statements as required by the Wage Theft Prevention Act.

134. Due to Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Class members are entitled to recover statutory damages pursuant to the WTPA.

**COUNT IV**
**Frequency of Pay Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

135. Plaintiffs reallege and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

136. At all relevant times, Defendants employed Plaintiffs within the meaning of the New York Labor Law §§ 2 and 651.

137. Defendants willfully violated Plaintiffs and the Rule 23 Class members' rights by failing to follow the frequency of pay requirements pursuant to New York Labor Law §§191 and 198.

138. Due to Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Class members are entitled to recover liquidated damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. Certification of this case as a collective action pursuant to the FLSA;

B. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Designation of Class Representatives as representatives of the Rule 23 Class, and counsel of records as Class Counsel;

D. Issuance of a declaratory judgment that the practice complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

E. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations;

F. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to N.Y. Lab. Law Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations;

G. Pre-judgment interest;

H. Post-judgment interest;

I. An injunction requiring Defendants to pay all statutory-required wages and comply with all other legal requirements as detailed in this Complaint, pursuant to the FLSA and NYLL;

J. Attorneys' fees and costs of the action; and

K. Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
February 28, 2022

/s/ Heng Wang
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 203-5231
Fax: (212) 203-5237
heng.wang@wanggaolaw.com
*Attorneys for Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/2022 DONG CHUN YAN

Chun Yan Dong

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/2022

林振华
Zhenhua Lin

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

Gao Jia XiNG

Jia Xin Gao

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

[signature]

Wei min chen

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/2022

Li. sheng Xie.

Li sheng Xie

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/2022

ZHIMIN XIE

Zhimin Xie

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

Min Yang

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

GUANG YU LIN

Guang Yu Lin

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

Andy Xu

Andy Xu

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/3 22 Kai Lu

Kai Lu

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2.13.22

QICHEN.LI

Qichen Li

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

Ming yuan Wang

Ming Yuan Wang

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

Zhan zhi min

Zhi min Zhan

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/3/2022

[signature]

Zhong Qiang Chen

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2-13 2022 CHEN JIAN XIN

Jian Xin Chen

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

Jian Shu Lin

Jiamshu Lin

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

Herrera Grana Jairu

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

[signature]

Luis E Villanueva

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2-13-22

Juan C.

Vazquez Garcia Juan Carlos

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/13/22

Gustavo

Mendez Vazques Gustavo

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/21/22

Yang Xiaoyun

Xiaoyun Yang

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/21/22

Guang Song Wu

Guang Song Wu

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I was formerly employed by Top Food Trading, Inc., and/or its related entities. I consent to be a plaintiff in an action to collect unpaid wages. I appoint Heng Wang & Associates, P.C. as my attorneys.

Date: 2/24/22

Jesus Lazaro Flores