UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
QUN TIAN, CHUNYAN DONG, KAI LU, :
HERRERA GRANO JAIRO, on behalf of :
themselves and all others similarly situated, :
ZHENHUA LIN, JIA XIN GAO, WEI MIN :
CHEN, LI SHENG XIE, ZHI MIN XIE, MIN :
YANG, GUANG YU LIN, ANDY XU, :
QICHEN LI, MING YUAN WANG, ZHIMIN :
ZHAN, ZHONG QIANG CHEN, JIAXIN :
CHEN, JIANSHU LIN, LUIS E. :
VILLANUEVA, VAZQUEZ GARCIA JUAN :
CARLOS, MENDEZ VAZQUEZ GUSTAVO, :     **ORDER**
XIAOYUN YANG,  GUANG SONG WU, :
JESUS LAZERO FLORES, YING JIE WANG, :     22 Civ. 345 (EK) (VMS)
PINGWEN LIN, ZHAOYI YU, :
:
                Plaintiffs, :
:
    -against- :
:
:
TOP FOOD TRADING INC., DONG FENG :
TRUCKING INC., XING DA CORPORATION, :
ZHENHAO TRADING INC., JIAN XU, :
XUEXIANG WU, LANFANG WU, QIAO CHEN,:
SONGDE CHEN, HUISU CHEN, JOHN DOE 1- :
5, JANE DOE 1-5, COMPANY ABC 1-5, :
:
                Defendants. :
------------------------------------------------------------- x

**Scanlon, Vera M., United States Magistrate Judge:**

      Before the Court is Defendants' motion to strike Plaintiffs' Fourth Amended Complaint. See ECF No. 57.  Plaintiffs oppose the motion.  See ECF No. 58.  For the following reasons, the motion is denied.

    **I.   BACKGROUND**

      Plaintiffs bring this wage-and-hour action asserting various claims under the Fair Labor Standard Act and the New York Labor Law.  See ECF No. 25.  In Count V of Plaintiffs' Third Amended Complaint, they asserted a fraudulent conveyance claim under New York Debtor and

1

Creditor Law §§ 273, 274, 275 and 276, alleging that the individual Defendants, after learning of this lawsuit, attempted to render corporate employers Defendants Top Food Trading Inc. and Dong Feng Trucking Inc. insolvent by forming new entities and fraudulently transferring the corporate Defendants' assets to the new entities. See id. ¶¶ 179-188.

Defendants requested a pre-motion conference to discuss their anticipated motion to dismiss the Third Amended Complaint. See ECF Nos. 34-35. Defendants argued, inter alia, that "the provisions cited by Plaintiffs in Count V of their current Complaint . . . are no longer good law. The relevant sections of the [Debtor and Creditor Law] 'have been repealed and replaced—effective April 4, 2020—by an act of the New York legislature approved on December 6, 2019,' known as the Uniform Voidable Transactions Act." See ECF No. 34 (quoting Ray v. Ray, 799 F. App'x 29, 31 (2d Cir. 2020)). Defendants argued that the claim should be dismissed on that ground. See id.

Plaintiff filed a letter in response, stating, inter alia, "as to the issue raised by Defendants regarding the change of law for Count V of the Third Amended Complaint, to wit, N.Y. Debtor & Creditor Law § 273, 274, 275, 276, we request to amend this claim to be under the replacement law Uniform Voidable Transactions Act." See ECF No. 42.

The District Court held a pre-motion conference, during which the Court and Parties discussed the scope of Plaintiffs' proposed amendment to the operative complaint. In response to the District Court's inquiry as to the categories of amendments Plaintiffs intended to make, Plaintiffs' counsel stated,

> I think there's only one category, which is fraudulent [conveyance] claims . . . . we'll double check to see . . . if there are additional facts that we can put in the amended complaint other than just . . . citing the new authority . . . but in terms of the aspect of the amendment, there's only going to be one aspect, which is . . . just [the] fraudulent conveyance claim.

2

See Transcript, ECF No. 62 at 9-10.  The District Court then granted Plaintiffs leave to file a fourth amended complaint "for the limited purpose of correcting the legal provisions cited by the Plaintiffs in Count V . . . of the current complaint, that have been repealed and replaced by the New York State legislature effective April of 2020," and noted that leave was granted "for that limited purpose, since the Plaintiff is not asking for leave to amend for any other purpose." See id. at 11-12.

Plaintiffs filed their Fourth Amended Complaint.  See ECF No. 53.  The Fourth Amended Complaint includes amendments only to Count V, other than one non-substantive amendment outside of Count V.  See ECF No. 53-1 at 7, 21-22.  Plaintiffs added the following to Count V:

> 184. At all material times, all of the individual defendants, who were all owners and/or managers of the Defendants' business, were insiders.
>
> 185. All the individual Defendants were joint employers of Top Food and Dong Feng, and they are still joint employers of Xing Da and Zhenhao.
>
> . . .
>
> 187. All of the individual defendants conspired together to engage in the aforementioned fraudulent transfer.
>
> 188. The aforementioned transfer was at least substantially all of the debtors' assets.
>
> 189. During this litigation, Defendants' counsel advised that Top Food and Dong Feng's business no longer existed after their business was transferred to Xing Da and Zhenhao.
>
> 190. […] After the aforementioned transfer, Top Food and Dong Feng ceased to operate Defendants' business.
>
> 191. The same group of management personnel continue to control Defendants' business after the transfer under the names of Zhenhao and Xing Da.
>
> 192. The aforementioned conveyance was made among the insiders of the defendant entities.

See id. at 21-22.  Plaintiffs also added the words "in secret" to Paragraph 186 and the words "all of" to Paragraph 190.  In the "Parties" section (which is not part of Count V), Paragraph 51 is

3

amended to state "the individual defendants" in place of "Jian Xu, Xuexiang Wu, Lanfang Wu, and Qiao Chen." See id. at 7.

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike are generally disfavored, they may be appropriate where a plaintiff has exceeded the scope of his leave to amend." Miles v. City of New York, No. 14 Civ. 9302 (VSB), 2018 WL 3708657, at *5 (S.D.N.Y. Aug. 3, 2018) (citations omitted); see Cummings v. City of New York, No. 19 Civ. 7723 (CM) (OTW), 2021 WL 1163654, at *3 (S.D.N.Y. Mar. 26, 2021) (striking new claims, factual allegations and legal arguments that exceeded the scope of the leave granted), reconsideration denied, 2021 WL 1664421 (S.D.N.Y. Apr. 28, 2021), aff'd, No. 21-1380, 2022 WL 2166585 (2d Cir. June 16, 2022). "District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." Palm Beach Strategic Income, LP v. Salzman, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order). Because motions to strike are generally disfavored, "unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation, motions to strike allegations in the pleadings should be denied." Morelli v. Alters, No. 19 Civ. 10707 (GHW), 2020 WL 1285513, at *15 (S.D.N.Y. Mar. 18, 2020) (quoting Quanta Specialty Lines Ins. Co. v. Invs. Cap. Corp., No. 06 Civ. 4624 (PKL), 2008 WL 1910503, at *4 (S.D.N.Y. Apr. 30, 2008)).

## III. DISCUSSION

Defendants' letter motion to strike the Fourth Amended Complaint argues that

> the changes made in [the Fourth Amended Complaint] far exceeded what was permitted by the Court and articulated in its March 9, 2023 Order. Specifically, instead of only "correcting the legal provision cited in Count V of the Third Amended Complaint," Plaintiffs took the liberty of adding eight (8) paragraphs (Paragraphs 184 to 192) of factual allegations to their Count V cause of action section in their Fourth Amended Complaint. In addition, Plaintiffs made unauthorized edits to Paragraph 51 of the "Parties" section and Paragraph 184 in "Count V" section of the Third Amended Complaint.

See ECF No. 56 (citation omitted). Plaintiffs oppose, arguing that "the Court never indicated, or intended, that Plaintiffs would be prohibited from making the aforementioned minor revisions." See ECF No. 58.

The Court agrees with Plaintiffs. The substantive revisions, which are limited to Count V, are consistent with the discussion held during the pre-motion conference. The District Court noted during the conference that the motion for leave to amend was granted only for the purpose sought by Plaintiffs. See ECF No. 62 at 11-12. That purpose included possibly adding additional facts "other than just . . . citing the new authority." See id. at 9-10. In addition, it cannot be said "the allegations in question can have no possible bearing on the subject matter of the litigation." See Morelli, 2020 WL 1285513, at *15 (S.D.N.Y. Mar. 18, 2020). The amendments do not materially modify the allegations underlying Plaintiffs' fraudulent conveyance claim. Instead, they were made in an effort to track the relevant law as recently amended by New York's Uniform Voidable Transactions Act.

The amendment to Paragraph 51 (which falls outside of Count V) merely adds "the individual defendants" in place of the individual Defendants' spelled-out names. Although the amendment to Paragraph 51 is technically outside the scope of the leave to amend, it is non-substantive and does not warrant striking the Fourth Amended Complaint.

Reading Plaintiffs' amendments together with the pre-motion conference transcript, and considering that leave to amend should be freely given when justice so requires, see Fed. R. Civ. P. 15, striking of the Fourth Amended Complaint is not warranted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to strike the Fourth Amended Complaint is denied. The Parties are reminded of the District Court's Order adjourning the March 9, 2023 briefing schedule for Defendants' anticipated motion to dismiss pending resolution of the instant motion to strike. See 5/5/2023 Order. Consistent with that Order, Defendants' motion to dismiss is due within five (5) days of the date of this Order.

Dated: Brooklyn, New York
       August 14, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge